The Honorable David Gibbons Prosecuting Attorney, Fifth Judicial District P.O. Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
You have requested an Attorney General opinion concerning a county official's participation in the Arkansas Public Employees' Retirement System (APERS).
More specifically, your question arises out of a situation involving an elected county coroner who is also a full-time employee of the county emergency medical services department. He has served in both positions since 1989, and has participated in APERS since that time. In 1991, he asked that his earnings as the coroner not be included in the calculations for contributions to the retirement system, and no contributions has been made on his behalf for his employment as coroner since 1991. He has now asked that his earnings as coroner be included in the calculation for retirement contributions that are made to APERS on his behalf, and that he be allowed to participate in APERS based on both his positions with the county.
Accordingly, you have asked:
 (1) Can a county employee participate in APERS on the basis of both his position as coroner and his position with the county emergency medical services department?
 (2) Does the county have any obligation for contributions to APERS based on this individual's salary as coroner during the period of time from 1991 to 1999, when he had personally requested that no contributions be made to APERS on his behalf based on these earnings?
RESPONSE
Question 1 — Can a county employee participate in APERS on the basis ofboth his position as coroner and his position with the county emergencymedical services department?
It is my opinion, as explained more fully below, that although the county employee cannot receive credited service in APERS for both positions for any period of time during which he was employed in both positions at the same time, he can (and indeed, must) count the salaries of both positions for purposes of calculating the contributions that are to be made to APERS on his behalf.
Contributions to APERS are governed generally by the provisions of A.C.A. § 24-4-402 and -402. Section -401 governs employee contributions, and Section -402 governs employer contributions.
Section -401 states in pertinent part:
 (b)(1) The contributions of a member shall be six percent (6%) of his annual compensation[.]
A.C.A. § 24-4-402(b)(1) (emphasis added).
Similarly, Section 402 states in pertinent part:
 (b)(2) The employer contributions to be paid by each participating public employer, other than the state, shall be a set percentage rate of the compensations of its employees who are members. The rate of percentage shall be set by the board as provided for by § 24-3-103.
A.C.A. § 24-4-402(b)(2) (emphasis added).
Neither of the above-quoted provisions states a limit on the "compensation" that is to provide the basis for contributions. Indeed, the language of these sections, when given its common meaning in everyday usage [as required by the Arkansas Supreme Court, see, e.g., Ford v.Keith, 338 Ark. 487, ___ S.W.2d ___ (1999)], is most readily interpreted to require that contributions are to be based upon the total compensation paid to any member.
This conclusion is bolstered by the provisions of A.C.A. § 24-3-103, which is referenced in Section -402 above. That statute states in pertinent part:
 (a) The general financial objective of each Arkansas public employee retirement plan shall be to establish and receive contributions which expressed as percentages of active member payroll, will remain approximately level from generation to generation of Arkansas citizens.
A.C.A. § 24-3-103(a) (emphasis added).
This reference to contributions that are expressed as "percentages of active payroll" clearly envisions percentages of the total payroll. Again, no exceptions are stated. That is, the statute does not indicate that any compensation should be excluded from the payroll in determining percentages of contributions that are to be made to APERS on behalf of employees.
For these reasons, I conclude that contributions to APERS should be made on the basis of the total compensation paid to the individual about whom you have inquired. It should be noted, however, that it is also my opinion that this individual cannot earn double credited service for any period of time during which he has held both positions at the same time.[1] Although the APERS statutes do not squarely address this situation, they do provide some guidance in addressing the situation. More specifically, the APERS statutes express a policy against double coverage by any individual. This policy is expressed in several provisions.
First, the definition of "employee," for purposes of APERS, explicitly excludes any individual who is eligible for another state-funded retirement plan. See A.C.A. § 24-4-101(7)(B). That is, no individual can participate in APERS if he or she is eligible to participate in another state-funded retirement plan. Similarly, A.C.A. § 24-3-206(a) (dealing with early retirement) specifically states that "in establishing the minimum total credited service, periods of credited service covering the same calendar time shall be counted only once." Likewise, A.C.A. §24-4-739 (dealing with municipal employees) states that "in no instance shall the same service time and related earnings be credited in more than one (1) system established pursuant to state law."
These provisions all reflect a policy of prohibiting anyone from receiving state-funded double coverage. Therefore, even though the APERS statutes do not explicitly state that county employees cannot earn credited service for two county positions at the same time, it is clear that to allow such dual credited service would violate the policy against double coverage. As previously noted and as discussed in response to Question 2, this conclusion does not mean that the salaries from both positions cannot be counted in that one year of credited service.
Question 2 — Does the county have any obligation for contributions toAPERS based on this individual's salary as coroner during the period oftime from 1991 to 1999, when he had personally requested that nocontributions be made to APERS on his behalf based on these earnings?
It is my opinion that the county does have an obligation for the contributions to APERS based on the employee's salary as coroner that were not made during the period of time from 1991 to 1999, even though the employee had requested that no contributions be made on his behalf on the basis of this salary during this time period.
My conclusion regarding this matter is based upon the fact that both participation in APERS by county employees and contribution on behalf of county employees are mandatory, and upon the fact that the county is subject to a penalty for failure to make the required contributions.
The requirement of participation is stated in A.C.A. § 24-4-301, as follows:
 (b) All county employees, as defined in § 24-4-101(7)-(11), who are in the employ of a county July 1, 1959, and all persons who became or become county employees in the employ of a county after June 30, 1959, shall become members of the system as a condition of continuing in or obtaining county employment, as the case may be.
A.C.A. § 24-4-301(b).
The mandatory nature of contributions that are made on behalf of county employees is reflected in the use of the mandatory term "shall" in the contribution statutes. See A.C.A. §§ 24-4-401 and -402, quoted above in response to Question 1.
The penalty provision is stated in A.C.A. § 24-2-202(f), as follows:
 (f)(1) If any participating public employer fails to remit to the system those moneys which are required by law or regulation by the date and at the frequency established by the board, the system shall impose a penalty equal to the actuarially assumed rate of return on investments of the fund in the form of interest on an annual basis on the moneys due.
 (2) This interest shall be computed on the actual days of delinquency and shall be paid to the system for the purpose of reimbursing the trust fund for the money which would have been earned on the moneys had they been paid when due.
 (3) The interest penalty shall be determined by the system on the date the delinquent funds are received, and a statement of the interest shall be sent to the participating public employer.
 (4) If the interest penalty or delinquent moneys are not received by the system by the last business day of the month in which the moneys were originally due, then the system shall cause the sums of moneys, including interest, to be transferred from any moneys due the participating public employer from the office of the Treasurer of State or the Department of Education as approved in § 19-5-106(a)(5).
A.C.A. § 24-4-202(f).
Because both participation and contribution are mandatory, and because a penalty will be imposed upon the county for failure to remit the required contributions, it is my opinion that the individual whom you have described did not have the option of declining to have contributions made on his behalf on the basis of his coroner's salary.[2] According, I must conclude that the county does have an obligation for the contributions to APERS based on the employee's salary as coroner that were not made during the period of time from 1991 to 1999, even though the employee had requested that no contributions be made on his behalf on the basis of this salary during this time period.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] However, any period of time served in an elected position will be credited at two time the regular rate for crediting service. See A.C.A. § 24-3-301(b)(5). It should be noted that there is an 80-hour per month minimum work requirement. See A.C.A. § 24-4-507(a)(3)(A).
[2] Although it is true that statutory rights can be waived, see Op. Att'y Gen. No. 96-086, it is my opinion that the requirement of basing contributions on total salaries exists in part for purposes of the integrity of the system, and therefore cannot be classified as a "right" of the individual employee that can be waived.